**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KELSEY A. HARR-LAGIN,

   Plaintiff,

v.

SHENZHEN SAILVAN NETWORK
TECHNOLOGY LTD. d/b/a
ANCHEER and ANCHEERSPORT,
LINEMART, INC., d/b/a ANCHEER
and ANCHEERSPORT,
AMAZON.COM, LLC, and
COMPTREE, INC. d/b/a MERAX,

   Defendants.

Case No. _____

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Kelsey A. Harr-Lagin, and files this Complaint against defendants Shenzhen Sailvan Network Technology Ltd. d/b/a Ancheer and Ancheersport, Linemart, Inc. d/b/a Ancheer and Ancheersport, Comptree, Inc. d/b/a Merax, and Amazon.com, LLC, showing the Court as follows:

## PARTIES

1.

Plaintiff Kelsey A. Harr-Lagin ("Plaintiff" or "Harr-Lagin") resides at 3443 Osceola Trail, Gainesville, Georgia and is subject to the jurisdiction of this court.

2.

Shenzhen Sailvan Network Technology Ltd. d/b/a Ancheer and d/b/a Ancheersport (hereinafter "SSNT") is a Chinese foreign corporation existing with its principal place of business in Room 2FC233, Building C5,1983 Creative Town, NO. 15, Nanxin Road, Nanling Village Community, Nanwan Street, Longgang District, Shenzhen, China with offices and employees in California and may be served through its registered agent at its offices pursuant to applicable law and is subject to the jurisdiction of this court.

3.

Linemart, Inc. d/b/a Ancheer and Ancheersport is a California Corporation (hereinafter "Linemart") with its principal address of 5521 Shaefer Ave., Chino CA 91710 and may be served by serving its agent Yong Shua at the same address. Linemart has previously admitted and acknowledged that it does business as in the United Sates as Ancheer and Ancheersport operating at its location located at 1560 Salt Lake Ave., City of Industry, CA 91745.

4.

Linemart and SSNT are referred to collectively as the "Ancheer Defendants".

5.

Comptree, Inc. d/b/a Merax is a California Corporation (hereinafter" Merax") with its principal address of 18961 Arenth Ave., City of Industry, CA 91748 and may be served at the same address.

6.

Amazon.com, LLC is a Delaware limited liability corporation (hereinafter "Amazon") authorized to do business in Georgia and may be served through its registered agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

7.

SSNT, Linemart, Merax and Amazon are collectively referred to herein as "Defendants" or "All Defendants."

**JURISDICTION AND VENUE**

8.

Jurisdiction and venue are proper in this court pursuant to 28 US § 1332 (a) including sections (1) and (2) as the matter in controversy exceeds the sum or value

of $75,000.00, exclusive of interest and costs and is between citizens of different states and well as citizens of a foreign state.

9.

All Defendants placed the subject product into the stream of interstate and worldwide commerce.

10.

At all relevant times, All Defendants transacted, solicited and conducted business in the State of Georgia within this district and division and derived substantial revenue from such business.

11.

Venue is proper in this district and division pursuant to 28 USC 1391(a), (b)(2) and (f) as a substantial part of the events and omissions giving rise to the claim occurred in this district and division in Cobb County Georgia.

**BACKGROUND**

12.

Defendants collectively and individually designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and/or sold the Ancheer product No. B6399-36 including its assembly instructions, sold as an

Indoor Trampoline (the "product") on the Ancheer Defendants' Store site promoted, managed and maintained by Defendant Amazon.

13.

Defendants advertised and sold the product as ANCHEER Mini Trampoline for Two Kids, Parent Child Trampoline and Amazon represented in selling the product that the product was manufactured by ANCHEER under the ANCHEER brand with an intended purpose of the product as an indoor trampoline for all ages.

14.

Plaintiff purchased the Defendants' product through Defendant Amazon's Ancheer website store at amazon.com on December 14, 2022, and the product was shipped to Plaintiff on December 23, 2022 at her Kennesaw, Cobb County, Georgia home.

15.

On December 27, 2022, Plaintiff began the assembly process of the product at her home pursuant to the "User Manual" provided with the product which was apparently written and published by Defendant Merax approved by All Defendants and provided with the product by all Defendants.

16.

Plaintiff relied upon and followed all the Defendants' "User Manual" instructions while assembling and attempting to assemble the product.

17.

As Plaintiff was assembling the product pursuant to the "User Manual" instructions, without warning, the product unexpectedly failed to hold tension in the base of the product and the product sprung open with great and uncontrollable force striking Plaintiff in her mouth and teeth causing extensive facial and dental injuries to Plaintiff resulting in multiple surgeries.

18.

Unbeknown to Plaintiff at the time she purchased and used the subject product, the product had latent and dangerous properties and improper assembly instructions that caused the product to be defective and unsafe and resulted in her injuries.

19.

As a result of assembling the product as instructed by the "User Manual" provided with the product, Plaintiff suffered extensive facial and dental injuries due to the defective and unsafe product.

20.

At all times relevant herein, Defendants knew or should have known that the subject product was unreasonably dangerous.

21.

Had the Defendants properly disclosed or warned Plaintiff regarding the risks associated with using and assembling the product, Plaintiff would not have used or attempted to assemble the product.

22.

The Defendants designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and/or sold the defective and unsafe product and are all liable to the Plaintiff for her injuries.

## COUNT 1
## NEGLIGENCE

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

At all times material hereto, Defendants had a duty to exercise reasonable care to consumers, including plaintiff, in the design, development, manufacture, testing,

inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the product.

25.

The Defendants breached its duty of reasonable care to Plaintiff in that it negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled and/or sold the product.

26.

At all times material hereto, Defendants also had a duty to exercise reasonable care to timely warn customers of dangers associated with its products and to timely recall defective products.

27.

The Defendants breached their duty when owed to Plaintiff when they collectively and individually failed to timely warn of the dangers and defects in its product and its assembly as the dangerous design, manufacturing and assembly defects of the product were known by the Defendants and Defendants failed to warn Plaintiff and/or others.

28.

Defendants' carelessness and negligence was direct and proximate cause of Plaintiff's injuries and damages.

## COUNT 2
## STRICT LIABILITY

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendants are responsible for the design, testing, manufacturing, marketing and sale of the product, including all assembly instructions.

31.

The product was defectively designed and/or manufactured such that, at the time it was placed in the stream of commerce by Defendants, it without warning, unexpectedly failed to hold tension in the base of the product and the product sprung open/back with great and uncontrollable force striking Plaintiff in her mouth causing extensive facial and dental injuries to her resulting in multiple surgeries.

32.

The product was defective because it was not merchantable nor reasonably suited to its intended uses.

33.

The product was defective in design in that, when it left the hands of Defendants, the foreseeable risks exceeded the benefits associated with the design

and/or formulation of the product.

34.

Alternatively, the product supplied by Defendants was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner.

35.

The product was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous risks and reactions associated with the subject product and its assembly, notwithstanding Defendant's knowledge of such risks and reactions.

36.

Defendants knew or should have known that the product was a dangerously defective product that posed an unacceptable risk unknown to, and unknowable by, the consuming public, including plaintiff.

37.

Defendants are strictly liable for plaintiff's injuries and damages.

## COUNT 3

## BREACH OF EXPRESS WARRANTY

38.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 37 above as if fully restated.

39.

Defendants expressly warranted to Plaintiff that the subject product was safe and fit for use for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended use.

40.

At the time of the making of the express warranties, Defendants knew or should have known of the purposes for which the subject product was to be used, and it warranted that the product was, in all respects, fit, safe, and effective and proper for such purposes.

41.

At the time of the making of the express warranties, Defendants knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that the product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

42.

Plaintiff purchased and used the product and attempted to assemble the product for its intended purposes.

43.

Plaintiff relied on Defendants' express warranties.

44.

Defendants breached said express warranties in that the product was not safe or fit for its intended use and, in fact, subjected its users to a significant risk of injury and Defendants' breaches of said expressed warranties caused Plaintiff's injuries and damages.

## COUNT 4
## BREACH OF IMPLIED WARRANTY

45.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 44 above as if fully restated.

46.

Defendants designed, manufactured, marketed, distributed and supplied the product.

47.

At the time that Defendants manufactured, marketed, distributed, supplied

and/or sold the subject product, it knew of the use for which the subject product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

48.

Plaintiff used and attempted to assemble the product for its intended purpose.

49.

Due to Defendants' wrongful conduct, as alleged herein, plaintiff could not have known about the nature of the risks and side effects associated with the product and its assembly until after attempting to assemble it.

50.

Contrary to Defendants' implied warranty, the product was not of merchantable quality and was not safe or fit for its intended uses and purposes and as a result Plaintiff suffered injuries and damages.

**DAMAGES**

51.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 50 above as if fully restated.

52.

As a result of Defendants' conduct as set forth herein, Plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future.

53.

As a result of Defendants' conduct, Plaintiff has incurred past and future lost wages.

54.

As a result of Defendants' conduct, Plaintiff has incurred mental and physical pain and suffering and disfigurement and will continue to experience pain and suffering in the future.

## COUNT 7
## PUNITIVE DAMAGES

55.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 54 above as if fully restated.

56.

Defendants' conduct evidences a conscious indifference to the consequences of its actions, which would entitle Plaintiff to an award of punitive damages under O.C.G.A. § 51-12-5.1

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

(a)    That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)    That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)    That Plaintiff recover such other and further relief as is just and proper; and

(d)    That all issues be tried before a jury.


This 26th day of December, 2024.

Respectfully submitted,
**JOHN STEEL LAW**

*/s/ John D. Steel*
John D. Steel
Georgia Bar No. 677646


3495 Piedmont Road, N.E.
Building 11 – Suite 905
Atlanta, Georgia 30305
(404) 264-1292 ph.
(404) 264-0161 fax
jsteel@johnsteel-law.com